

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6090-CR-ZLOCH

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                        **O R D E R**

ORLANDO MESA,

      Defendant.

_____/

THIS MATTER came before the Court upon Final Revocation of Supervised Release. An Evidentiary Hearing on the Petition For Warrant Or Summons For Offender Under Supervision (DE 123) was held before the Court on February 3, 2005. At that hearing, the defendant denied the three alleged Violations as set forth in the aforementioned Petition. Based upon the evidence and testimony received from all parties, and the information contained in the violation report, the Court makes certain findings by a preponderance of the evidence. With regard to the first alleged Violation, the Court finds only that the defendant was in fact arrested and charged with possession of marijuana, but does not find by a preponderance of the evidence that the defendant violated the law. With regard to the second alleged Violation, the Court finds that the Government met its burden in establishing that the defendant did not contact his probation officer within 72 hours



after the aforementioned arrest.  Finally, with regard to the third alleged Violation, the Court finds that the Government did not meet its burden in establishing that the defendant failed to follow certain directions of his probation officer.

Because the Court finds that the Government met its burden in establishing the second Violation alleged in the Petition (DE 123), the Court further finds that the defendant has violated the terms and conditions of his Supervised Release.  However, revocation is not necessary at this time.

**IT IS ORDERED AND ADJUDGED** that the defendant, Orlando Mesa is continued on his term of Supervised Release previously imposed, together with all standard conditions and special conditions and modifications previously imposed, together with the following additional special condition of Supervised Release:

1.    The defendant shall participate in the Home Detention Electronic Monitoring Program for 150 days.  During this time the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer.  The defendant shall maintain a telephone at his place of residence without "call forwarding," "call waiting," a modem, "caller ID," or "call back/call block" services for the above period.  The defendant shall wear an electronic monitoring

2

device and follow the electronic monitoring procedures specified by

the U.S. Probation Officer. Defendant shall pay for the electronic

monitoring equipment at the rate of $3.44 per day or in accordance

with his ability to pay as determined by the U.S. Probation

Officer.

  **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward

County, Florida, this _____ day of February, 2005.


            _____
            WILLIAM J. ZLOCH
            Chief United States District Judge


Copies furnished:

Laurence M. Bardfeld, Esq., AUSA
Fred Moldovan, Esq.
Lawrence Martin, U.S. Probation Officer